FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 NOV 28 AM 11:28

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES

v.     405CR059

MARTIN J. Bradley, III, et al.

## ORDER

In prior orders, *U.S. v. Bradley*, 2007 WL 3046490 (S.D.Ga. 10/16/07) (unpublished), *amended*, doc. # 1057, the Court noted that it had

> been perusing the latest Monitor and Receiver reports and is concerned about the multi-million cost of their involvement in this case. *See* Monitor's 9/27/07 Report at 8 ($2,067,169 thus far). Until further Order of this Court, **no further compensation payments** shall be disbursed to either of them.

Doc. # 1057 at 1 (footnote omitted). In a footnote, the Court directed the Government to review these expenses. *Id.*

The Government has complied and now moves the Court to approve payment of six-figures' worth of attorney/receiver/monitor's fees. Doc. # 1078. In conjunction with that motion, the Government sent the Court an 11/21/07 letter with attached time and expense detail. "These documents are being provided *ex parte*," the Government explains, "because a significant portion of the reports relate to on-going litigation with the Defendants Bradley III, Bradley Jr., and their wives." Doc. # 1078 at 2.

The *ex parte* documents show that (a) the Receivership and related litigation costs a *lot* of money; (b) accountants and lawyers are making a lot of money in connection with the Receivership; and (c) all of that activity is occurring before this, a court of *record*.

The Government did not seek the Court's permission to send it something *ex parte*, and thus bypass the Court's record. Evidently, the Government expects the Court to review the 11/21/07 letter yet not open-file it (*i.e.*, seal it). As explained in *U.S. v. Bradley*, 2007 WL 2874888 (S.D.Ga. 9/26/07) (unpublished), however, "[f]iling anything aimed at influencing judicial rulings easily fits into what ordinarily must be disclosed of record." *Id.* 2007 WL 2874888 at * 2. Once again,

> [t]hose who seek to seal any court record, or avoid the filing of anything sent to a judge, must provide good "grounds for why they want something kept from the public, as there is a presumption *against* secrecy." *Snethen v. Board of Public Educ. for the City of Savannah and the County of Chatham*, 2007 WL 2345247 at * 1 (S.D.Ga.8/15/07) (unpublished) (emphasis added) (*citing U.S. v. Bradley*, --- F.Supp.2d ----, 2007 WL 1464058 at * 10 (S.D.Ga.5/17/07), unsealing objections overruled, *U.S. v. Bradley*, 2007 WL 1703232 (S.D.Ga.6/11/07) (unpublished); and *U.S. v. Bradley*, 405CR059 doc. # 992 (S.D.Ga.7/30/07) (unpublished)).

*Bradley*, 2007 WL 2874888 at * 4.

Here the Government has failed to make any showing of privilege, or good cause to send this Court an *ex parte* letter that reveals to the public how much the Receivership in this case costs, who is reaping compensation under it, in

what amounts, and under what hourly rates. The public has a right to know how what ultimately belongs to the taxpayers is being spent. The Court therefore directs the Clerk to file the 11/21/07 letter in the record. Meanwhile, the Court *GRANTS* the Government's "compensation" motion. Doc. # 1078.

This 28 day of November, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA